UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GRISH PANDIT, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-1343 |
| QBE SPECIALTY INSURANCE COMPANY | * | SECTION "T" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiffs Grish and Minakshi Pandit's Motion for Leave to File an Amended Complaint to add a demand for a jury trial.  ECF No. 26.  Defendant QBE Specialty Insurance Company ("QBE") timely filed an Opposition Memorandum, and Plaintiffs timely filed a Reply.  ECF Nos. 28, 30.  No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 26) is GRANTED for the reasons stated herein.

I.    **BACKGROUND**

On April 21, 2023, Plaintiffs Grish and Minakshi Pandit filed this suit against their alleged property insurer Defendant QBE to recover for property damage resulting from Hurricane Ida as well as extra-contractual damages and attorneys' fees, alleging bad faith, failure to properly adjust the loss and underpayment of insurance proceeds.  ECF No. 1.  Plaintiffs' Complaint did not include a jury demand.  *Id*.; *see also* ECF No. 26-1 at 1.  On May 25th, Defendant filed its Answer.  ECF No. 6.  The Answer did not include a jury demand, nor did Plaintiffs demand a jury within fourteen days of that Answer.  ECF No. 26-1 at 1.

In accordance with this Court's Hurricane Ida Case Management Order,[1] the parties exchanged mandated discovery and proceeded with mediation before a court-appointed neutral. The parties did not resolve the dispute during mediation, after which Chief Magistrate Judge Michael North certified that the case be returned to the docket.  ECF No. 15.  At the October 9, 2024, scheduling conference, the Court scheduled a four-day bench trial beginning June 2, 2025, with the deadline to amend pleadings on November 8, 2024, and a discovery deadline of March 31, 2025.  ECF No. 17 at 2, 5.

## II.    **PENDING MOTION**

On January 6, 2025, Plaintiffs filed this Motion for Leave to File an Amended Complaint, which seeks only to add a jury demand.  ECF No., 26-1 a 1.  Plaintiffs acknowledge the motion is governed by Rule 16(b) because they filed it after the November 8, 2024, deadline to amend pleadings, as well as Rule 39(b) because they failed to timely request a jury trial.  *Id.* at 3-5.

Plaintiffs cite to the five factors that must be considered in determining whether to allow a jury trial pursuant to Rule 39(b):  (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the lengthy of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.[2]  Considering these factors, they argue that amendment is proper because insurance coverage and contract disputes and bad faith claims are routinely tried by juries, the amendment does not disrupt the schedule, and Defendant would suffer minimal prejudice given the early stage of discovery (i.e., the parties have only exchanged written discovery with no depositions yet).  ECF

---

[1] ECF Nos. 3, 8, 9, 11.
[2] *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (citations omitted).

No. 26-1 at 5-9.  Additionally, Plaintiffs argue that they inadvertently failed to include a jury

demand in the Complaint, and the delay in seeking same is not significant because, although nearly

21 months have passed since the filing of the Complaint, the Court's Hurricane IDA CMO

essentially stayed the case during most of that period.  *Id.* at 10.

In Opposition, Defendant argues Plaintiffs have waived their right to a jury trial pursuant

to Rule 38(b), and the *Daniel* factors favor denial of the motion because the issues raised in this

case (factual/legal questions such as insurance coverage and contract interpretation, bad faith,

claims adjusting, structural engineering, and Louisiana law governing the obligation of insurers)

are best decided by a judge.  ECF No. 28 at 3-5.  Defendant also argues that an amendment would

result in a continuance and require "major adjustments" to its trial preparation, and an amendment

would be prejudicial because a jury trial is more expensive; all of its trial preparation has been

based on the expectation that the case would be submitted to the Court; and a jury trial would take

longer and impose additional costs.  *Id.* at 5-7.  Additionally, Defendant argues Plaintiffs' delay is

significant, and Plaintiffs' reason of inadvertence is not a legitimate reason.  *Id.* at 7-9.  Further,

Plaintiffs' inadvertence was highlighted when, during the October 9, 2024, scheduling conference,

Defendant raised the issue that Plaintiffs had not demanded a jury.  *Id.* at 9-10.[3]  For these reasons,

Defendant asserts, Plaintiffs have not demonstrated good cause to modify the scheduling order

under Rule 16, and Plaintiffs fail to address that requirement.  ECF No. 28 at 11.

In Reply, Plaintiffs reiterate their argument that the *Daniel* factors favor granting the

motion and dispute Defendant's conclusory assertions of prejudice.  ECF No. 30 at 1-3.  Plaintiffs

also assert that a jury trial would, at most, take one additional day.  *Id.* at  2.

---

[3] *See Lowndes v. Falcon*, No. 90-4829, 1991 WL 236546, at *2 (E.D. La. Oct. 25, 1991).

## III.    APPLICABLE LAW

A party may demand a jury trial on any issue triable as of right no later than fourteen days after the last pleading directed to the issue is served.  FED. R. CIV. P. 38(b)(1).  A party's failure to timely request a jury trial constitutes a waiver of that party's right to a jury trial.  FED. R. CIV. P. 38(d).  An amendment to a complaint must raise a new issue of fact or law to create a new right to demand a jury trial.[4]  Thus, the filing of an amended complaint is not the proper procedure to revive a waived right to a jury trial.  Rather, the proper avenue is a motion for jury trial pursuant to Rule 39(b).[5]  A motion for leave to amend that seeks to add only a jury demand is treated as the substantive equivalent of a Rule 39 motion,[6] and it provides the Court with an opportunity to exercise its discretion pursuant to Rule 39(b).[7]  Thus, courts regularly address motions to amend that solely seek to add jury demands as Rule 39(b) motions.[8]

When a jury demand is untimely or improperly made, on motion, the court may "order a jury trial on any issue for which a jury might have been demanded."  FED. R. CIV. P. 39(b).  Rule 39 thus gives the court discretion to relieve a party from waiver of a jury trial under Rule 38.[9]  The Fifth Circuit considers five factors in exercising discretion to grant a jury trial under Rule 39(b):

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of

---

[4] *Daniel*, 916 F.2d at 1064.
[5] *Nelson v. Boeing Inc.*, No. 18-251, 2018 WL 4095331, at *1 (W.D. Wash. Aug. 28, 2018).
[6] *Charles v. Ocean Drilling & Expl. Co.*, 628 F. Supp. 1135, 1136 (S.D. Tex. 1985).
[7] *White v. Pride Offshore, Inc.*, No. 98-2561, 1999 WL 58842, at *2 (E.D. La. Feb. 3, 1999) (Vance, J.).
[8] *Fredieu v. Rowan Companies, Inc.*, 738 F.2d 651, 653-54 (5th Cir. 1984) (analyzing motion for leave to file third amend complaint that added only a jury demand under Rule 39(b) rather than Rules 15 or 16); *see also Bell v. Gen. Am. Life Ins. Co.*, No. 13-1846, 2014 WL 815382, at *1 (N.D. Tex. Mar. 3, 2014) (addressing motion to amend to add jury demand under Rule 39(b) standard rather than Rule 16); *Hardtke v. The Hartford*, No. 04-1006, 2006 WL 503952, at *1 (W.D. Tex. Jan. 5, 2006) (construing motion for leave to amend that added only a jury demand as a Rule 39(b) motion for jury trial); *Early v. Bankers Life & Cas. Co.*, 853 F. Supp. 268, 269 n.2 (N.D. Ill. 1994) (treating a motion for leave to file amended complaint as motion for relief under Rule 39(b)); *Wallace v. Nationwide Ins. Co.*, 94 F.R.D. 563, 564-65 (S.D.W. Va. 1982) (considering whether Plaintiff's motion to amend to include a jury demand as Rule 39(b) motion rather than Rule 15 or Rule 16 motion).
[9] *Swofford v. B & W, Inc.*, 336 F.2d 406, 408 (5th Cir. 1964), *cert. denied*, 379 U.S. 962 (1965).

the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.[10]

Generally, a party's mere inadvertence in failing to timely demand a jury is insufficient grounds to justify relief, and thus, a court does not abuse its discretion in denying a motion based on inadvertence.[11]  Neither, however, does the court abuse its discretion in granting a Rule 39(b) motion based on inadvertence when the other *Daniel* factors favor amendment.[12]  The court must "approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually denied."[13]  Further, the court should grant a Rule 39(b) request for jury trial in the absence of strong and compelling reasons to the contrary.[14]

## IV.    ANALYSIS

Plaintiffs concede they did not timely demand a jury in accordance with Rule 38(b)(1). Plaintiffs' failure to timely demand a jury trial constitutes a waiver under Rule 38(d).  Given that

---

[10] *Daniel*, 916 F.2d at 1064.

[11] *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1154 (5th Cir. Unit A Sept. 1981) (noting there is no abuse of discretion where a district judge denies a Rule 39(b) motion because the movant's failure to make a timely jury demand was due to inadvertence); *Fredieu*, 738 F.2d at 654 (citations omitted) (same); *Farias v. Bexar Cnty. Bd. of Trs. For Mental Health Mental Retardation Servs.*, 925 F.2d 866, 873 (5th Cir. 1991) (citations omitted) (recognizing general principle that a court should grant a jury trial in the absence of strong and compelling reasons to the contrary but reiterating the long line of precedent finding no abuse of discretion when the failure to make a timely jury demand results from mere inadvertence); *Delgado v. City of El Campo*, No. 95-20142, 1995 WL 581848, at *2 (5th Cir. Sept. 20, 1995) (finding no abuse of discretion in denial of Rule 39(b) motion based on inadvertence); *see also BPRE, L.P. v. RML Waxahachie Dodge, L.L.C.*, 599 F. App'x 182, 183 (5th Cir. 2015) (same); *Randle v. Hubert*, 47 F.3d 425 (5th Cir. 1995) (same); *Certain Underwriters at Lloyds London v. Corp. Pines Realty Corp.*, 355 F. App'x 778, 781 (5th Cir. 2009) ("Inadvertence alone does not relieve a party from waiver of the right to jury trial."); *Bush v. Allstate Ins. Co.*, 425 F.2d 393, 396 (5th Cir. 1970) (citing *Noonan v. Cunard S.S. Co.*, 375 F.2d 69 (2d Cir. 1967); 5 MOORE, FEDERAL PRACTICE ¶ 39.09, at 719 (2d ed. 1969)).

[12] *See Esteen v. LeBlanc*, No. 13-5419, 2014 WL 5461395, at *2 (E.D. La. Oct. 27, 2014).

[13] *Pinemont Bank v. Belk*, 722 F.2d 232, 237 (5th Cir. 1984) (quoting 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2334, at 115-16 (1971)).

[14] *Rhodes*, 654 F.2d at 1154 (quoting *Swofford*, 336 F.2d at 409).

their proposed amendment seeks only to add a jury demand without raising any new facts or claims, the amendment would not re-open or create a new right to demand a jury trial.[15]

While Plaintiffs captioned their motion as a motion for leave to file an amended complaint, courts treat same as a Rule 39(b) motion rather than a motion for leave to amend since the only relief requested is to add a jury demand, applying the standards under Rule 39(b), not Rules 15 or 16. [16]  Accordingly, the Court must address the *Daniel* factors.

Courts have regularly recognized that insurance coverage disputes and bad faith claims such as that raised in this case are routinely tried by juries.[17]  The Fifth Circuit has likewise recognized that contract disputes are well within the comprehension of a jury.[18]  Likewise, changing from bench to jury trial poses no disruption to the court's calendar.[19]  And while Defendant is correct that a jury trial may take longer than a bench trial, Defendant has failed to provide any reason that the case could not nonetheless still be tried during the allotted four-day period, thus avoiding any schedule disruption or potential continuance.[20]  Although Defendant argues it will "likely" suffer prejudice due to necessary trial preparation adjustments, a longer trial,

---

[15] *Daniel*, 916 F.2d at 1064.

[16] *See Bell*, 2014 WL 815382, at *1 (addressing motion to amend to add jury demand under Rule 39(b) standard rather than Rule 16); *Nelson*, 2018 WL 4095331, at *1 (addressing motion for leave to amend complaint "for the sole purpose of seeking a jury trial" under Rule 39(b)); *Early*, 853 F. Supp. at 269 n.2 (treating a motion for leave to file amended complaint as motion for relief under Rule 39(b)); *Wallace*, 94 F.R.D. at 564-65 (considering whether Plaintiff's motion "to grant him leave to amend his complaint so as to include a demand for a jury trial" as Rule 39(b) motion rather than Rule 15 or Rule 16 motion); *see also C.F. Bean, LLC v. Suzuki Motor Corp.*, No. 13-77, 2017 WL 11674312, at *2 (S.D. Miss. Mar. 6, 2017) (citing *Fredieu*, 738 F.2d at 653-54 (analyzing under Rule 39(b) district court's denial of motion to amend complaint to add jury trial in an admiralty action)).

[17] *See Imperial Trading Co. v. Travelers Prop. Cas. Co. of Am.*, No. 06-4262, 2009 WL 1212469, at *2 (E.D. La. Apr. 30, 2009) (Vance, J.) (citing *Manino v. Lexington Ins. Co.*, No. 06–6627, 2007 WL 1672228, at * 1 (E.D. La. June 7, 2007) (holding that "jury was well-suited to resolve" insurance dispute and bad faith claim arising out of Hurricane Katrina); *Korbel v. Lexington Ins. Co.*, No. 06–7283, 2007 WL 2406996, at *3 (E.D. La. Aug. 21, 2007) (Engelhardt, J.) (same)); *Downhole & Design Int'l Corp. v. Arch Specialty Ins. Co.*, No. 22-3819, 2024 WL 272293, at *1 (E.D. La. May 28, 2024) (Brown, C.J.).

[18] *Daniel*, 916 F.2d at 1064 (citing *Pinemont*, 722 F.2d at 237).

[19] *Breaux v. Mastemind Shipmanagement Ltd.*, No. 15-1387, 2016 WL 4761559, at *3 (E.D. La. Sept. 13, 2016) (Engelhardt, J.)

[20] ECF No. 26-1 at 7; *see Korbel*, 2007 WL 2406996, at *3 (noting same reasons in finding second *Daniel* factor favored granting Plaintiff's request for a jury trial).

and additional costs/expenses, these conclusory assertions are insufficient to establish prejudice.[21]

Any concern as to additional costs is mitigated by the ability to conduct the trial within the allotted

four days.[22]

Courts have recognized that trial strategy and preparation may differ between a bench trial

and jury trial.[23] However, a hurricane damages case does not vary markedly between a jury and

bench trial.[24] Moreover, while prejudice to trial preparation and strategy may occur when a party

seeks to convert a case to a jury trial shortly before trial,[25] the parties have ample time to adjust

trial strategy in this case because the trial date is months away and discovery is in the initial

stages.[26]

Plaintiffs waited nearly 21 months to invoke Rule 39(b) and concede the failure to make a

jury demand was due to inadvertence, both of which weigh against them.[27] Given the somewhat

unique facts of this case due to the Hurricane Ida CMO, which essentially stayed the case during

most of that 21-month period, the delay is less significant, particularly given that the case was only

---

[21] *Parakkavetty v. Indus Int'l, Inc.*, No. 02-1461, 2003 WL 22939104, at *2 (N.D. Tex. Dec. 2, 2003) ("[Defendant's] contention that it 'has developed both its discovery and trial preparation strategies in light of this nonjury posture' . . . is conclusory and thus fails to demonstrate prejudice.").

[22] *See Korbel*, 2007 WL 2406996, at *3.

[23] *See, e.g.*, *Avondale Indus., Inc. v. Tyco Valves & Controls, Inc.*, No. 01-2923, 2003 WL 21634587, at *5 (E.D. La. July 3, 2003) (Fallon, J.) ("The format in which counsel take a deposition in anticipation of a bench trial as opposed to a jury trial differs.").

[24] *London Town Com. Condo. Ass'n v. State Farm Fire & Cas. Co.*, No. 07-8135, 2008 WL 11385380, at *1 (E.D. La. Dec. 5, 2008) (Vance, J.) (reasoning that Defendant insurer possessed jury trial experience with hurricane claims, and jury trial preparation "is not markedly different from that for a bench trial" on those issues as necessary to establish prejudice); *Imperial Trading*, 2009 WL 1212469, *4 (same).

[25] *Weidner v. Nationwide Prop. & Cas. Ins. Co.*, No. 13-263, 2014 WL 8480457, at *1 (E.D. Tex. Aug. 28, 2014), *objections overruled sub nom. Weidner v. Nationwide Prop. & Casulaty Ins. Co.*, No. 13-263, 2014 WL 8494866 (E.D. Tex. Sept. 17, 2014).

[26] *See Imperial Trading*, 2009 WL 1212469, *4 (finding no prejudice even though trial is roughly three months away when Defendant is an insurer and trial preparation for a jury trial on hurricane claims is not markedly different from that for a bench trial); *Bailey v. Tchrs.' Ret. Sys. of LA.*, No. 96-2339, 1997 WL 240746, at *1 (E.D. La. May 8, 1997) ("Defendant will have more than four months, however, to overcome any such prejudice."); *Sartin v. Cliff's Drilling Co.*, No.03-1825, 2004 WL 551209, at *1 (E.D. La. Mar. 18, 2004) (Vance J.) (finding no prejudice when "trial is still four months away").

[27] *See, e.g.*, *Delgado*, 1995 WL 581848, at *2 (noting inadvertence alone does not relieve a party from waiver and affirming Rule 39(b) motion denial due to plaintiff's 4-month delay in asserting jury demand).

returned to the court's docket three months ago.  Recognizing that the parties have only exchanged written discovery and no depositions have yet been taken and in light of the absence of any evidence of prejudice, Plaintiffs' delay and inadvertence are not "strong and compelling reasons" to deny Plaintiffs' untimely request for a jury trial.[28]

V.   **CONCLUSION**

Accordingly, guided by the *Daniel* factors for the foregoing reasons, and in the exercise of discretion under Rule 39(b),

IT IS ORDERED that Plaintiffs' Motion for Leave of Court to File an Amended Complaint is GRANTED.

New Orleans, Louisiana, this _____5th_____ day of February, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[28] *See Imperial Trading*, 2009 WL 1212469, at *4 (citing cases) (finding "two and a half years" of delay in making request for jury trial and excuse of inadvertence not "strong and compelling reasons to deprive plaintiffs of their Constitutional jury right").